UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM THOMAS JONES, | No. 2:20-cv-01866-CKD P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF PLACER, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### I. Unsigned Complaint

At the outset, the court notes that plaintiff did not sign the complaint. The court cannot consider unsigned filings and the complaint shall be stricken from the record for that reason. Fed. R. Civ. P. 11; E.D. Cal. R. 131(b). Plaintiff has thirty days to file a signed complaint. Additionally, the court has set forth the appropriate pleading standards and noted potential defects in the factual allegations of the complaint. Plaintiff should pay careful attention to the legal standards governing his claims should he file an amended complaint.

### II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### III.    Allegations in the Complaint

Plaintiff alleges that while in custody at the Placer County Jail in Auburn, California he was denied access to the courts because he was not transported to Sutter County to have other charges against him adjudicated.[1]  He alleges that this caused him unnecessary stress and mental anguish.  Plaintiff names three defendants in this action:  Placer County, Sheriff Devon Bell, and Court Liason Officer Proctor.  By way of relief, plaintiff seeks injunctive relief and monetary damages.

### IV.    Legal Standards

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability,

---

[1] It is not clear to the court whether plaintiff is a pretrial detainee or whether he has already been convicted of a crime because the complaint also indicates that he is in CDCR custody and not a county inmate.  See ECF No. 1 at 3.

each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). Prisoners also enjoy some degree of First Amendment rights in their legal correspondence. Bounds v. Smith, 430 U.S. 817, 824-25 (1977). However, to state a viable claim for relief, plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." The exhaustion requirement demands "proper" exhaustion. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). In order to "properly exhaust" administrative remedies, the prisoner must generally comply with department procedural rules, including deadlines, throughout the administrative process. Jones v. Bock, 549 U.S. 199, 218 (2006); Woodford, 548 U.S. at 90-91.

While not entirely clear, it appears plaintiff believes he should be released from custody in Placer County. When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Also, to the extent plaintiff seeks damages, plaintiff is informed he cannot proceed on a §1983 claim for damages if the claim implies the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

To the extent that plaintiff is challenging pending state criminal charges against him, plaintiff is advised that federal courts cannot interfere with pending state criminal proceedings absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

**V.     Analysis**

Plaintiff's complaint must be stricken because it was not signed. However, the court will grant plaintiff leave to file an amended complaint. The court has identified several additional defects with the allegations in plaintiff's complaint and explained the relevant legal standards governing these allegations.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is striking your complaint from the docket because you did not sign it.  All pleadings filed by pro se parties must be signed.  The court is giving you the chance to file a signed complaint within 30 days from the date of this order.  If you choose to file an amended complaint pay careful attention to the legal standards described in this order which appear to govern the factual allegations in your complaint.  If you do not file an amended complaint, the undersigned will recommend that your case be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is stricken because it is unsigned;

2. Within thirty (30) days of the date of this order, plaintiff may file a signed amended complaint that complies with the pleading and legal standards set out above;

3. The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint form; and

4. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: January 13, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/jone1866.unsigned.docx